**BERANEK v. WALLACE, Secretary of Agriculture, et al.**

**No. 671.**

District Court, N. D. Indiana, South Bend Division.

Jan. 4, 1939.

842

Robert S. Baker, of Michigan City, Ind., for plaintiff.

John S. L. Yost, Sp. Asst. to Atty. Gen., James R. Fleming, U. S. Atty., of Fort Wayne, Ind., Luther M. Swygert, Asst. U. S. Atty., of Hammond, Ind., and Edward O. Mather, Atty., Department of Agriculture, of Washington, D. C., for defendants.

Before SPARKS and TREANOR, Circuit Judges, and SLICK, District Judge.

PER CURIAM.

The plaintiff, a handler of milk, on the 11th day of February, 1938, filed his bill of complaint against the defendants, Henry A. Wallace, Secretary of Agriculture of the United States, and Walter Stone, designated in the bill as "agent and representative of Henry A. Wallace," to enjoin the defendants from filing any prosecution or proceedings under, and enforcing any of the provisions of, the Agricultural Adjustment Act, as amended and reenacted by the Agricultural Marketing Agreement Act of 1937 (Public No. 137, 75th Congress; 50 Stat. 246, 7 U.S.C. § 601 et seq., 7 U.S.C.A. § 601 et seq.), and Order No. 20, issued by the defendant Henry A. Wallace, Secretary of Agriculture, pursuant to the provisions of said Act. The bill also asked for a declaratory judgment declaring the said Act and order to be violative of the constitutional rights of the plaintiff. The relief sought was predicated in the bill upon the alleged unconstitutionality of said Act and order as being violative of Article 1, Section 8 of the Constitution of the United States, U.S.C.A., as well as of the Fifth, Tenth and Fourteenth Amendments thereto. In accordance with the provisions of the Act of August 24, 1937, c. 754, 50 Stat. 751, 28 U.S.C.A. § 380a, a three-judge court was convened to hear the case. Upon the motion of Henry A. Wallace, objecting to the venue, the Court dismissed the bill of complaint as to said defendant. The defendant Stone answered, and the case proceeded to hearing for final decree on June 3, 1938, upon the pleadings and an agreed statement of facts submitted by the parties. In accordance with the requirements of General Equity Rule 70-½, 28 U.S.C.A. following section 723, and Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Court makes the following findings of fact and states its conclusions of law:

Findings of Fact

(1) The defendant Henry A. Wallace was not at the time of the filing of the bill of complaint a resident or inhabitant of the State of Indiana, or the Northern District thereof, within the meaning of Section 51 of the Judicial Code, as amended, 28 U.S.C. § 112, 28 U.S.C.A. § 112.

(2) The plaintiff, Stephen Beranek, is a citizen of the State of Michigan and a resident of the Town of New Buffalo, Michigan, and is engaged in business under the trade name of New Buffalo Dairy, having his principal place of business at New Buffalo, Michigan.

(3) The defendant Walter Stone is a citizen and resident of the State of Indiana, and is the duly appointed and qualified Market Administrator provided for under Article II of Order No. 20, "Order * * * Regulating the Handling in Interstate Commerce, and Such Handling as Directly Burdens, Obstructs or Affects Interstate Commerce, of Milk in the LaPorte County, Indiana, Marketing Area", issued by the Secretary of Agriculture of the United States (hereinafter referred to as the "Secretary") on November 9, 1937, effective November 13, 1937, pursuant to the provisions of the Agricultural Adjustment Act, as amended and reenacted by the Agricultural Marketing Agreement Act of 1937 (hereinafter referred to as the "Act"). Said defendant Walter Stone is sued, and defends, herein in his capacity as such Market Administrator. The said order is referred to hereinafter as "Order No. 20".

(4) Pursuant to Sections 8b and 8c of the Act, 7 U.S.C.A. §§ 608b, 608c, and in accordance with United States Department of Agriculture, Agricultural Adjustment Administration, General Regulations, Series A, No. 1, as amended, made pursuant to Section 10 (e) of the Act, 7 U.S. C.A. § 610(c), the Secretary on June 11, 1937 gave notice of a public hearing to be held at LaPorte, Indiana, on the 28th day of June, 1937 on a proposed marketing agreement and a proposed order regulating the handling in interstate commerce, and such handling as directly burdens, obstructs or affects interstate commerce, of milk in the marketing area which includes the territory within the boundaries of LaPorte County, Indiana, and which lies north of Township 36 North and which is that part of Township 36 North within a six-mile radius of the City of LaPorte, Indiana, the said area being referred to in said proposed marketing agreement and order as the LaPorte County, Indiana, marketing area, and being hereinafter referred to as the "marketing area". In accordance with the terms of said notice and the aforesaid regulations, a public hearing was held at LaPorte, Indiana, on the 28th day of June, 1937, and was reopened at LaPorte, Indiana, on the 30th day of August, 1937, for the purpose of receiving additional evidence; and at the said times and places the said public hearings were conducted by the Secretary jointly with the Milk Control Board of the State of Indiana, and all interested parties were afforded an opportunity to be heard on the proposed marketing agreement and the proposed order.

(5) Upon evidence adduced at the said hearings the Secretary made all of the findings required by the applicable provisions of the Act. The Secretary also made the determinations required in the case of an order issued without a marketing agreement, pursuant to the provisions of Section 8c (9) of the Act, 7 U.S.C.A. § 608c (9); and said determinations were approved by the President. The Secretary, in accordance with the provisions of Section 8c of the Act and the regulations aforesaid, thereupon issued Order No. 20, the said order containing terms and conditions authorized by the applicable provisions of the Act, and no others. Substantial evidence supporting all of the aforesaid findings was introduced at said hearings.

(6) The defendant Stone is an administrative agency within the meaning of Section 8c (7) of the Act, 7 U.S.C.A. § 608c (7), and the powers and duties of such an agency are therein specifically set forth. Order No. 20 confers upon the defendant Stone no powers and duties beyond those specified in Section 8c (7) of the Act. The powers of defendant Stone as Market Administrator are set forth in Article II, Section 2 of the order, and are as follows:

1. To administer the terms and provisions hereof; and

2. To receive, investigate, and report to the Secretary complaints of violations of the terms and provisions hereof.

## Conclusions of Law

(1) By the provisions of Section 8a (7) of the Act, 7 U.S.C. 608a (7), it is made the duty of the several district attorneys of the United States, in their respective districts, at the request of the Secretary of Agriculture, under the directions of the Attorney General, "to institute proceedings to enforce the remedies and to collect the forfeitures provided for in, or pursuant to, this title [chapter]", and by Section 8a (6) of the Act, 7 U.S.C. 608a (6), the several district courts of the United States are vested "with jurisdiction specifically

to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement heretofore or hereafter made or issued pursuant to this title [chapter], in any proceeding now pending or hereafter brought in said courts".

(2) An agency created pursuant to Section 8c (7) (C) of the Act, 7 U.S.C.A. § 608c (7) (C), to administer an order issued by the Secretary of Agriculture pursuant to the Act has no power or authority to institute proceedings to enforce the remedies and collect the forfeiture provided for in, or pursuant to, the Agricultural Marketing Agreement Act of 1937, and the defendant Stone as Market Administrator designated pursuant to Article II of Order No. 20 has no power or authority to prosecute any proceedings for the enforcement of said order against the plaintiff under the provisions of the Agricultural Marketing Agreement Act of 1937.

(3) There is not, and cannot be, under the provisions of the Agricultural Marketing Agreement Act of 1937, any actual controversy between the plaintiff and the defendant Stone in the exercise of his powers and the pursuance of his duties as Market Administrator under Order No. 20, and the Court is without jurisdiction to grant the injunctive relief prayed by the plaintiff, or to render a declaratory judgment with respect to the constitutional questions raised by the plaintiff in his bill of complaint.

(4) The bill of complaint must be dismissed.